United States District Court
Southern District of Texas
**ENTERED**
December 18, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY JOHNSON, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. H-18-1102 |
| OCWEN LOAN SERVICING LLC, | § § § | |
| Defendant. | § § | |

## ORDER

Pending before the Court are Defendant's Motion to Dismiss (Document No. 3), Plaintiff's Response of a Counterclaim to Defendant's Motion to Dismiss (Document No. 10), and Plaintiff's Motion to Dismiss (Document No. 13). Having considered the motions, submissions, and applicable law, the Court determines Defendant's motion should be granted in part, denied in part, and denied without prejudice in part, and Plaintiff's motions should be denied.

### I. BACKGROUND

This is a mortgage foreclosure case concerning real property located at 3611 Parkwood Drive, Houston, Texas 77021 (the "Property"). In April 2007, Plaintiff Rodney Johnson ("Johnson") purchased the Property with a mortgage loan (the "Loan"). Defendant Ocwen Loan Servicing LLC ("Ocwen") serviced the Loan. It is undisputed Johnson failed to make payments required by the Loan.

*A.     The First Suit*

In January 2015, HSBC Bank USA N.A. ("HSBC"), the entity holding the Loan, filed a lawsuit (the "First Suit") against Johnson, seeking a judgment allowing it to foreclose on the Property. On April 25, 2016, the United States District Court for the Southern District of Texas granted summary judgment in favor of HSBC and entered judgment ordering that foreclosure on the Property shall occur (the "Foreclosure Judgment").[1]

*B.     The Second Suit*

In June 2016, Johnson filed a lawsuit (the "Second Suit") against, *inter alia*, HSBC and Ocwen, seeking to stop foreclosure on the Property as ordered under the Foreclosure Judgment. In the Second Suit, Johnson alleged HSBC and Ocwen, *inter alia*: (1) failed to timely serve a notice of default; and (2) from November 2011 to June 2016, supplied inaccurate information concerning the amount allegedly due on the Loan. On August 29, 2016, the United States District Court for the Southern District of Texas dismissed the Second Suit.[2]

---

[1] *Defendant's Motion to Dismiss*, Document No. 3, Exhibit A (*Judgment in the First Suit*) [hereinafter *Judgment in the First Suit*].

[2] *Defendant's Motion to Dismiss*, Document No. 3, Exhibit F (*Judgment in the Second Suit*) [hereinafter *Judgment in the Second Suit*].

C.   *The Pending Suit*

On April 2, 2018, Johnson filed this lawsuit (the "Pending Suit") against Ocwen in the 333rd District Court of Harris County, Texas. In the Pending Suit, Johnson alleges, *inter alia*: (1) Ocwen failed to timely serve a notice of default and notice of acceleration; (2) from April 2017 to June 2017, Ocwen supplied inaccurate information concerning the amount allegedly due on the Loan; and (3) any amount allegedly due on the Loan is invalid. Johnson brings claims for quiet title, unlawful collection activities, breach of contract, violations of the Texas Property Code (the "TPC"), negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act (the "DTPA"). On April 9, 2018, Ocwen removed the Pending Suit to this Court on the basis of diversity jurisdiction. On April 23, 2018, Ocwen moved to dismiss the Pending Suit under Federal Rule of Civil Procedure 12(b)(6). On May 15, 2018, Johnson filed a response of a counterclaim. On August 8, 2018, Johnson filed a motion to dismiss.

## II. STANDARD OF REVIEW

A.   *Motion to Dismiss*

Rule 12(b)(6) governs dismissal for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8

3

announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

Under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

B.  Res Judicata

*Res judicata* is an affirmative defense. Fed. R. Civ. P. 8(c). Generally, summary judgment is the proper standard to determine whether a claim is barred by *res judicata* because the Court must accept all facts in the complaint as true and cannot look beyond the pleadings when resolving a Rule 12(b)(6) motion to

dismiss. *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (per curiam) (quoting *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 570 & n.2 (5th Cir. 2005)). However, when resolving a Rule 12(b)(6) motion to dismiss, the Court may take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned[,]" which includes matters of public record. Fed. R. Evid. 201. Thus, based on the facts pleaded and judicially noticed, if a successful affirmative defense based on *res judicata* appears, dismissal under Rule 12(b)(6) is proper. *Hall*, 305 F. App'x at 227–28 (citing *Kansa Reinsurance Co. Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

### III. LAW & ANALYSIS

Ocwen files a motion to dismiss under Rule 12(b)(6). Johnson files a response of a counterclaim and a motion to dismiss. The Court addresses each motion in turn.

A.  *Ocwen's Motion to Dismiss*

Ocwen moves to dismiss the Pending Suit, contending the claims in the Pending Suit should be dismissed because of *res judicata* and for failure to state a claim. The Court addresses *res judicata* and failure to state a claim in turn.

*1. Res Judicata*

Ocwen contends the claims in the Pending Suit are barred by *res judicata*.[3] *Res judicata* "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Educ. Servs. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). *Res judicata* applies when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* The Court addresses each element in turn.

First, the Court examines whether the parties are identical or in privity. *Res judicata*'s first element is satisfied where the prior and current actions involve the same parties, or "where a party in the prior suit is so closely aligned to [a non-party's] interests as to be [the non-party's] virtual representative." *Eubanks v. F.D.I.C.*, 977 F.2d 166, 170 (5th Cir. 1992). A mortgage loan's holder and the mortgage loan's servicer are in privity for purposes of *res judicata*. *Bellot v. Wells Fargo, N.A.*, No. H-13-2014, 2014 WL 2434170, at *5 (S.D. Tex. May 29, 2014) (Harmon, J.). It is undisputed HSBC and Johnson were parties to the First Suit, and HSBC, Ocwen, and Johnson were parties to the Second Suit. It is further

---

[3] As requested by Ocwen, the Court takes judicial notice of the pleadings and judgments in the First Suit and the Second Suit under Federal Rule of Evidence 201 for the purposes of Ocwen's motion to dismiss.

undisputed HSBC was the Loan's holder and Ocwen was the Loan's servicer. The Court finds *res judicata*'s first element is satisfied.

Second, the Court examines whether the judgments in the prior actions were rendered by a court of competent jurisdiction. The United States District Court for the Southern District of Texas rendered the judgments in the First Suit and the Second Suit. It undisputed the United States District Court for the Southern District of Texas is a court of competent jurisdiction. The Court finds *res judicata*'s second element is satisfied.

Third, the Court examines whether the prior actions were concluded by final judgments on the merits. "Summary judgment is a judgment on the merits; it has the same effect as if the case had been tried by the party against whom judgment is rendered and decided against him." *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348 (5th Cir. 1985). "[A] dismissal with prejudice is a final judgment on the merits." *Brooks v. Raymond Dugat Co.*, 336 F.3d 360, 362 (5th Cir. 2003). On April 25, 2016, the First Suit was concluded by the Foreclosure Judgment rendered on summary judgment.[4] On August 29, 2016, the Second Suit was concluded by a judgment dismissing the Second Suit with prejudice.[5] The Court finds *res judicata*'s third element is satisfied.

---

[4] *Judgment in the First Suit, supra* note 1.

[5] *Judgment in the Second Suit, supra* note 2.

Fourth, the Court examines whether the same claim or cause of action was involved in the prior and current actions. "[C]laim preclusion prohibits either party from raising any claim or defense in the later action that was or *could have been* raised in support of or in opposition to the cause of action asserted in the prior action." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994). "Under this approach, the critical issue is not the relief requested or the theory asserted but whether plaintiff bases the two actions on the same nucleus of operative facts." *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990). The First Suit, the Second Suit, and the Pending Suit all concern foreclosure on the Property. In the First Suit, HSBC sued Johnson seeking the Foreclosure Judgment, and Johnson never disputed he defaulted on the Loan and a notice of default and notice of acceleration had been timely served. In the Second Suit, Johnson alleged HSBC and Ocwen, *inter alia*: (1) failed to timely serve a notice of default; and (2) from November 2011 to June 2016, supplied inaccurate information concerning the amount allegedly due on the Loan. In the Pending Suit, Johnson alleges, *inter alia*: (1) Ocwen failed to timely serve a notice of default and notice of acceleration; (2) from April 2017 to June 2017, Ocwen supplied inaccurate information concerning the amount allegedly due on the Loan; and (3) any amount allegedly due on the Loan is invalid. Johnson brings claims for quiet title, unlawful collection activities, breach of contract, violations of the TPC, negligent misrepresentation, and violations of the DTPA.

As to Johnson's claims for quiet title, unlawful collection activities, breach of contract, and violations of the TPC (the "Four Claims"), the Four Claims are based on Johnson's allegations that Ocwen failed to timely serve a notice of default and notice of acceleration, and that any amount allegedly due on the Loan is invalid. The Court finds the Four Claims are based on the same nucleus of operative facts giving rise to the claims and contentions in the First Suit and the Second Suit. The Four Claims therefore all were, or could have been, raised in the First Suit and the Second Suit. The Court finds *res judicata*'s fourth element is satisfied as to the Four Claims.[6]

As to Johnson's claims for negligent misrepresentation and violations of the DTPA (the "Two Claims"), the Court finds the Two Claims are not barred by *res judicata*. Thus, based on the facts pleaded and judicially noticed, the Court finds Ocwen's motion to dismiss should be granted as to the Four Claims and denied as to the Two Claims. Accordingly, Ocwen's motion to dismiss is granted as to the Four Claims and denied as to the Two Claims.

2.  *Failure to State a Claim*

Ocwen moves to dismiss the Two Claims under Rule 12(b)(6) for failure to state a claim. The Court has reviewed the Two Claims and finds they do not meet

---

[6] Ocwen further contends dismissal is proper as to the Four Claims for failure to state a claim under Rule 12(b)(6). However, in light of the Court's holding, the Court need not address this contention.

the pleading requirements set forth in Rule 8. However, courts generally allow one chance to amend a deficient pleading before dismissing with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Thus, Johnson is granted leave to amend the complaint to respond to the issues raised by Ocwen's motion to dismiss and comply with Rule 8.

B.  *Johnson's Response of a Counterclaim and Motion to Dismiss*

Johnson files a response of a counterclaim and a motion to dismiss. Having considered the motions, submissions, and applicable law, the Court determines the motions should be denied.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's Motion to Dismiss (Document No. 3) is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED WITHOUT PREJUDICE IN PART**. The motion is granted as to the dismissal of claims for quiet title, unlawful collection activities, breach of contract, and violations of the TPC based on *res judicata*. The motion is denied as to the dismissal of claims for negligent misrepresentation and violations of the DTPA based on *res judicata*. The motion is denied without prejudice as to the dismissal of claims for negligent misrepresentation and violations of the DTPA for failure to state a claim. The Court further

**ORDERS** that Plaintiff's Response of a Counterclaim to Defendant's Motion to Dismiss (Document No. 10) is **DENIED**. The Court further

**ORDERS** that Plaintiff's Motion to Dismiss (Document No. 13) is **DENIED**. The Court further

**ORDERS** that Johnson shall file an amended complaint that is compliant with Rule 8 within twenty-one days from the date of this Order. Failure to file an amended complaint within twenty-one days will result in dismissal of Johnson's case without further notice.

SIGNED at Houston, Texas, on this __17__ day of December, 2018.

_____
DAVID HITTNER
United States District Judge